UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STATE BANK & TRUST CO. | CIVIL ACTION NO. 16-5053 |
| VERSUS | (IN ADMIRALTY) |
| M/V LIL AL, <u>in rem,</u> M/V MR. ALAN, <u>in rem</u>, M/V L/B WHITNEY, <u>in rem,</u> C & G LIFTBOATS, L.L.C., AMC LIFTBOATS, INC., A/K/A A.M.C. LIFTBOATS, INC., POLLY D. CHERAMIE AND ADAM A. CHERAMIE, <u>in personam</u> | SEC. "H" MAG ____ |

### MOTION TO APPOINT SUBSTITUTE CUSTODIAN

1.

On May 11, 2016, the Complaint herein was filed praying that the vessels, M/V LIL AL, Official Number 1250213, M/V MR. ALAN, Official Number, 1040047 and the M/V L/B WHITNEY, Official Number D644243, their engines, tackle, apparel, furniture, equipment and all other necessaries thereunto appertaining and belonging be condemned and sold to pay plaintiff's demands and claims and for other proper relief.

2.

Plaintiff is requesting that upon, the Clerk of This Court issuing a Warrant for the Arrest of the Vessels commanding the United States Marshal for this District to arrest and take into custody the defendant vessels and to detain the same in his custody until further Order of this Court respecting same.

3.

It is contemplated that the United States Marshal will seize the defendant vessels forthwith. Custody by the U.S. Marshal requires the services of one or more keepers alone and not including charges for wharfage and the other services usually associated with safekeeping vessels similar to this vessel.

4.

The defendant vessels are located at a dock located at 143 Moore Road, Golden Meadow, LA., either presently or shortly to be leased to plaintiff. Dale Mitchell, Member/Manager of Mitchell Liftboats, L.L.C., has agreed to assume the responsibility of safekeeping the said vessels and has consented to act as the custodian upon order of this Court, all for a sum, including wharfage and routine services required for the safekeeping of the particular vessel, at a rate of $0.00 per day. The United States Marshal is unable to perform or to have performed at a comparable rate these same services. Additional services to be performed by the substitute custodian will include starting of engines and pumping of the vessels, which services are to be performed at separate costs borne by the complainant herein; the transfer of the defendant vessels to the substitute custodian for safekeeping will not be effected until the Court approves such custodianship and all such charges have been paid by the moving party.

5.

Dale Mitchell, by affidavit appended hereto as Exhibit A and made a part hereof, avers that he has adequate facilities and supervision for the proper safekeeping of the vessel and has presented proof of insurance to the United States Marshal sufficient to respond in damage to the defendant

vessels, their engines, tackle, appurtenances, furnishings, etc., or for damage or injury sustained by third parties due to any acts, faults, or negligence of said substitute custodian or its agents. Further, in said affidavit substitute custodian accepts, in accordance with the terms of this Order, possession of the defendant vessel, their engines, tackle, apparel, furniture, equipment and all other necessaries thereunto appertaining and belonging, which is subject to the action herein.

6.

Plaintiff, State Bank & Trust Company, in consideration of the Marshal's consent to the substitution of custody, agrees to release and hold harmless and indemnify the United States of America, the United States Marshal, Their agents, servants, employees, and all others for whom they are responsible, from any and all liability or responsibility for claims arising from the arrest or attachment of the vessels and all liability arising out of the care and custody of the defendant vessels, their engines, tackle, apparel, furniture, equipment and all other necessaries thereunto belonging or in anywise appertaining, from the time the Marshal transfers possession of said vessels over to said substitute custodian, and said plaintiff further agrees to hold harmless and indemnify the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible from any and all liability or responsibility for claims arising from the arrest or attachment of the vessel.

WHEREFORE PLAINTIFF prays that Dale Mitchell, as Member/Manager of Mitchell Liftboats, L.L.C., be appointed as the substitute custodian for the M/V Lil Al, Official Number 1250213, the M/V Mr. Alan, Official Number 1040047 and the M/V L/B Whitney, Official Number D644243.

_____
George J. Ledet, Jr. # 08255
15045 East Main Street
Cut Off, Louisiana 70345
Phone (985) 632-7993
La. Bar Roll # 8255
Email: gledet@mobiletel.com

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STATE BANK & TRUST CO. | CIVIL ACTION NO. 16-5053 |
| VERSUS | (IN ADMIRALTY) |
| M/V LIL AL, in rem, M/V MR. ALAN, in rem, M/V L/B WHITNEY, in rem, C & G LIFTBOATS, L.L.C., AMC LIFTBOATS, INC., A/K/A A.M.C. LIFTBOATS, INC., POLLY D. CHERAMIE AND ADAM A. CHERAMIE, in personam | SEC. "H" MAG ____ |

### MOTION TO APPOINT SUBSTITUTE CUSTODIAN

### HOLD HARMLESS AFFIDAVIT OF COMPLAINANT AND SUBSTITUTE CUSTODIAN

STATE OF LOUISIANA

PARISH OF LAFOURCHE

Dale Mitchell and Steve Lefort, being first duly sworn, depose and say that:

1. Affiant, Dale Mitchell is the Member/Manager of Mitchell Liftboats, L.L.C., and that he is familiar with the defendant vessels, at least to the extent of their size, type, construction material and apparent condition, and believes that he has adequate facilities and supervision for and can safely keep said vessels in place of the U.S. Marshal during the pendency of this suit and until further order of this Court, and in this regard, affiant states that he will perform the following services for said vessels during his custodianship;

A. He shall provide pumping, gangway guard, periodically inspect mooring lines, periodic inspections and assure that the vessels remain secure and afloat.

2. Affiant has been provided adequate liability insurance by State Bank & Trust Company, to adequately respond in damages for loss of or injury to the Defendant vessels, or its owners, during said custody.  Affiant has presented the aforesaid proof of insurance to the U.S. Marshal. Complainant and Affiant do further agree to release and hold harmless and indemnity the United States of America, the United States Marshal, their agents, servants, employees and all others for whom they are responsible from any and all liability or responsibility for claims arising from the arrest or attachment of the vessel.

3. Further, affiant agrees to accept substitute custodianship of the defendant vessels, their engines, tackle, apparel, furniture, equipment, etc., in accordance with the Order Appointing Substitute Custodian.

4. All costs and expenses incidental to the keeping of the vessel will be paid by the moving party. The U.S. Marshal does not assume liability for any acts of the substitute custodian or any costs incurred incidental to this Court appointed custodianship.

5. I declare under penalty of perjury, in accordance with 28 USC 1746, that the foregoing is true and correct.

_____
Dale Mitchell, Substitute Custodian

State Bank & Trust Co.

By: _____
Steve Lefort, President

SWORN TO AND SUBSCRIBED before me this 11th day of May, 2016.

_____
George J. Ledet, Jr. #08255
Notary Public