UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STATE BANK AND TRUST CO.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-5053** |
| **LIL AL M/V ET AL.** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court is Intervenor Industrial Diesel Service, LLC's Motion for Summary Judgment (Doc. 71). For the following reasons, the Motion is GRANTED.

## BACKGROUND

Plaintiff State Bank & Trust Company ("State Bank") is a financial institution that loaned money in the form of a promissory note ("the Note") to Defendant C&G Liftboats, LLC ("C&G"). Plaintiff alleges that the Note is secured by a collateral mortgage in the vessel M/V LIL AL. The Note is allegedly further secured by collateral mortgages on the M/V MR. ALAN and the M/V L/B WHITNEY, executed by their owner A.M.C. Liftboats, Inc. ("AMC"). AMC also granted a commercial guaranty to State Bank to guarantee

the Note. Finally, Polly and Adam Cheramie, the owners of C&G and AMC, granted personal guarantees on the Note.

Plaintiff alleges that on December 15, 2015, C&G defaulted on the note. On May 11, 2016, Plaintiff brought this suit, seeking repayment on the Note and adding as *in personam* Defendants C&G, AMC, the Cheramies, and *in rem* Defendants the M/V MR. ALAN, M/V L/B WHITNEY, and the M/V LIL AL.

On July 13, 2016, Industrial Diesel Service, LLC ("Industrial Diesel") intervened claiming it has maritime liens on the M/V MR. ALAN and the M/V L/B WHITNEY. Industrial Diesel now moves for summary judgment on its claim, seeking a judgment recognizing its liens as valid. No opposition was filed to this Motion.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial

---

[1] Fed. R. Civ. P. 56(c) (2012).
[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 532 (5th Cir. 1997).

2

burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

Intervenor Industrial Diesel has moved for summary judgment recognizing its maritime lien on the M/V MR. ALAN and M/V L/B WHITNEY. No party has opposed this Motion. The Court may not, however, simply grant the instant Motion as unopposed. The Fifth Circuit approaches the automatic

---

[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).
[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

grant of dispositive motions with considerable aversion.[9] Accordingly, this Court has considered the merits of the Intervenor's Motion.

Intervenor alleges that Defendant AMC has failed to pay it for the labor and materials it provided in performing repairs on the engines and generators of the MR. ALAN and the WHITNEY. It alleges that this failure creates a maritime lien in the amounts that it is owed, $10,912.53 and $8,232.71, by the MR. ALAN and the WHITNEY respectively. A maritime lien is "a special property right in the vessel, arising in favor of the creditor by operation of law as security for a debt or claim. The lien arises when the debt arises, and grants the creditor the right to appropriate the vessel, have it sold, and be repaid the debt from the proceeds."[10] Pursuant to 46 U.S.C. § 31342, a "person providing necessaries to a vessel on the order of the owner or a person authorized by the owner (1) has a maritime lien on the vessel; (2) may bring a civil action in rem to enforce the lien; and (3) is not required to allege or prove in the action that credit was given to the vessel." The term "necessaries" includes repairs and supplies.[11] Intervenor has provided invoices showing the amounts billed to AMC for the repair work and supplies provided to its vessels. The invoices show that Intervenor is owed $10,912.53 for the repairs and supplies provided to the MR. ALAN and $8,232.71 for the repairs and supplies provided to the WHITNEY. There is no indication that the parties intended to waive the lien

---

[9] *See, e.g., Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.,* 702 F.3d 794, 806 (5th Cir. 2012); *Johnson v. Pettiford,* 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); *John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.),* 757 F.2d 698, 709 (5th Cir.1985).
[10] *Equilease Corp. v. M/V Sampson,* 793 F.2d 598, 602 (5th Cir. 1986).
[11] 46 U.S.C. § 31301.

or rely on other credit.[12] Accordingly, this Court holds that Intervenor has a valid maritime lien on both the M/V MR. ALAN and the M/V L/B WHITNEY.

## **CONCLUSION**

For the foregoing reasons, Intervenor Industrial Diesel's Motion for Summary Judgment is GRANTED, and its maritime liens on the M/V MR. ALAN and the M/V L/B WHITNEY are recognized as a matter of law. The principal value of the Intervenor's lien on the M/V MR. ALAN is $10,912.53, and the principal value of the Intervenor's lien on the M/V L/B WHITNEY is $8,232.71. Intervenor is entitled to judgment against the vessels in these principal amounts, together with pre- and post-judgment interest and costs. A ruling regarding the ranking of said liens is deferred.

New Orleans, Louisiana this 1st day of August, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[12] *Racal Survey U.S.A., Inc. v. M/V COUNT FLEET,* 231 F.3d 183, 189 (5th Cir. 2000) ("[P]resumption arises that one providing supplies to a vessel acquires a maritime lien").