UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**STATE BANK AND TRUST CO.**                               **CIVIL ACTION**

**VERSUS**                                                 **NO: 16-5053**

**LIL AL M/V ET AL.**                                      **SECTION: "H"(1)**

## ORDER AND REASONS

Before the Court are Plaintiff State Bank & Trust Company's Motion for Summary Judgment (Doc. 60); and Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 66). For the following reasons, Plaintiff's Motion is GRANTED IN PART, and Defendants' Motion is DENIED.

## BACKGROUND

Plaintiff State Bank & Trust Company ("State Bank") is a financial institution that loaned money to Defendant C & G Liftboats, LLC ("C&G"). On July 16, 2014, C&G executed a promissory note in the sum of $8,055,000.00 payable to State Bank (the "Hand Note"). The Hand Note was secured by the pledge of a first preferred ship mortgage note dated May 7, 2014 in the sum of $8,500,000.00. The preferred ship mortgage note was secured by a first

1

preferred mortgage on the vessel M/V Lil Al.  The Hand Note was further secured by the pledge of preferred ship mortgage notes in the form of collateral chattel mortgages by A.M.C. Liftboats, Inc. ("AMC") on the M/V Mr. Alan and the M/V L/B Whitney.  AMC also granted a commercial guaranty to State Bank to guarantee the Hand Note.  Finally, Polly and Adam Cheramie, the owners of C&G and AMC, granted personal guarantees on the Hand Note.

Plaintiff alleges that on December 15, 2015, C&G defaulted on the Hand Note, and Plaintiff made demand on Defendants C&G, AMC, and the Cheramies.  The failure of any Defendant to satisfy their obligation to State Bank resulted in the filing of the instant action.

Plaintiff now moves for summary judgment recognizing its preferred ship mortgages on the M/V Lil Al, the M/V Mr. Alan, and the M/V L/B Whitney pursuant to the Ship Mortgage Act and its in personam claims against the remaining Defendants.  Defendants oppose this Motion and file their own Motion to Dismiss for Lack of Subject Matter Jurisdiction, arguing that collateral chattel mortgages are no longer valid instruments for mortgaging movable property under Louisiana law, and Plaintiff therefore does not have a preferred ship mortgage under the Ship Mortgage Act.  They argue that because no preferred ship mortgage is at issue, this Court does not have federal question jurisdiction pursuant to the Ship Mortgage Act.  The Court will consider each argument in turn.

# **LEGAL STANDARD**

## A. Subject Matter Jurisdiction

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[1] In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.[2] The proponent of federal court jurisdiction—in this case, the Plaintiff—bears the burden of establishing subject matter jurisdiction.[3]

## B. Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[4] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[5]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[6] "If the moving party meets the initial

---

[1] Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).
[2] Den Norske Stats Oljesels kap As v. Heere MacVof, 241 F.3d 420, 424 (5th Cir. 2001).
[3] See Physicians Hosps. of Am. v. Sebelius, 691 F.3d 649, 652 (5th Cir. 2012).
[4] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[5] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[6] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).

burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[7] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[8] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[9] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[10] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[11]

## **LAW AND ANALYSIS**

In its Motion for Summary Judgment, Plaintiff argues that it is entitled to a judgment recognizing its preferred ship mortgages on the M/V Lil Al, the M/V L/B Whitney, and the M/V Mr. Alan.[12] Plaintiff argues that it has valid

---

[7] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[8] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[9] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[10] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[11] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[12] Although Plaintiff purports to move for summary judgment on all of its claims against all Defendants, it does not present any argument as to its claims against the in personam defendants. Accordingly, this Court finds that summary judgment on these claims without briefing from the parties would be inappropriate at this time.

preferred ship mortgages on these vessels pursuant to the Ship Mortgage Act under 46 U.S.C. § 31325.

Defendants present two arguments to Plaintiff's Motion. First, they argue that Plaintiff does not have valid ship mortgages under the Ship Mortgage Act because the mortgages are not valid under Louisiana law. Second, they argue that the ne varietur notes used in the collateral mortgage packages for the Mr. Alan and L/B Whitney are prescribed. Defendants have also filed their own Motion to Dismiss for Lack of Subject Matter Jurisdiction, arguing that because Plaintiff does not have a mortgage under the Ship Mortgage Act, this Court does not have federal question jurisdiction. This Court will consider each argument in turn.

**A. Validity of Ship Mortgage**

The issue before the Court is whether a collateral chattel mortgage can constitute a preferred ship mortgage under the Ship Mortgage Act. Defendants argue that a collateral chattel mortgage is no longer a valid method for securing movable property under Louisiana law, and it therefore cannot be a preferred mortgage under the Ship Mortgage Act. They contend that in order for a mortgage to qualify as a preferred ship mortgage under the Ship Mortgage Act, the mortgage must be valid under state law.

Another judge in this District recently addressed this identical issue. In *South Lafourche Bank & Trust Co. v. M/V Noonie G*, 2017 WL 2634204 (E.D. La. June 19, 2017), Judge Susie Morgan held that the Ship Mortgage Act does not require that a mortgage be valid "under the law of a particular state for it

5

to be considered a preferred ship mortgage."[13] The court held that a mortgage is a valid preferred ship mortgage under the Ship Mortgage Act if it meets all of the requirements of the Ship Mortgage Act, regardless of whether it is valid under state law.[14] This Court adopts the analysis of *South Lafourche Bank* in full and for the same reason holds that the mortgages at issue here can be valid preferred ship mortgages under the Ship Mortgage Act regardless of the validity of a collateral chattel mortgage under Louisiana law.

Defendants do not espouse any additional arguments disputing the validity of the mortgages at issue. Accordingly, this Court holds that the mortgages satisfy all of the requirements of the Ship Mortgage Act. Plaintiff's mortgages on the M/V Lil Al, the M/V L/B Whitney, and the M/V Mr. Alan are therefore valid preferred ship mortgages. Because this case involves valid preferred ship mortgages, this Court has jurisdiction under the Ship Mortgage Act. Accordingly, Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is denied.

**B. Prescription**

Defendants next argue that Plaintiff's Motion for Summary Judgment should be denied because the ne varietur notes used in the collateral mortgage packages for the Mr. Alan and the L/B Whitney have prescribed. A collateral mortgage package consists of the following: "an act of mortgage, a collateral mortgage note (the 'ne varietur' note), and a pledge of the ne varietur note to secure an indebtedness, usually represented by a hand note."[15] In a collateral

---

[13] S. Lafourche Bank & Tr. Co. v. M/V NOONIE G, No. 16-2880, 2017 WL 2634204, at *6 (E.D. La. June 19, 2017).
[14] *Id.*
[15] Max Nathan, Jr., *The Collateral Mortgage: Logic and Experience*, 49 LA. L. REV. 39 (1988).

6

mortgage, the act of mortgage secures the fictitious ne varietur note, which is payable to bearer on demand.[16] The ne varietur note is then "pledged under a collateral pledge agreement to secure the borrower's true indebtedness under one or more hand notes."[17]

Plaintiff accepted pledges of collateral mortgage packages on the Mr. Alan and L/B Whitney as security for the July 16, 2014 Hand Note. The ne varietur note in the collateral mortgage package on the Mr. Alan was dated December 5, 2007, and the ne varietur notes in the collateral mortgage packages on the L/B Whitney were dated September 30, 2004 and November 22, 2005 respectively. Defendants argue that the ne varietur notes are subject to a liberative prescription of five years and were therefore prescribed before they were pledged to secure the Hand Note.

Defendants are correct that actions on promissory notes are subject to a liberative prescription of five years.[18] "This prescription commences to run from the day payment is exigible."[19] Accordingly, prescription began to run on the ne varietur notes at issue in 2004, 2005, and 2007 respectively, making each prescribed on its face by the time they were pledged to secure the July 16, 2014 Hand Note.

Defendants argue that the constant acknowledgement rule prevents prescription from running on the ne varietur notes. The constant acknowledgement rule states, "Prescription does not run in favor of a debtor whose debt is secured by a pledge as long as the thing pledged remains in the

---

[16] CadleRock Joint Ventures Co. v. J. Graves Scaffolding Co., 152 So. 3d 1079, 1083, (La. App. 2 Cir. 2014).
[17] *Id.*
[18] La. Civ. Code art. 3498.
[19] *Id.*

7

possession of the pledgee."[20] Plaintiff argues that because it has had continuous possession of the ne varietur notes, they remain in full force and effect. Defendants argue, however, that Plaintiff's reliance on the constant acknowledgement rule is misplaced. They contend that the constant acknowledgment rule interrupts prescription as to the hand note if the ne varietur note remains in constant possession, but constant possession of the ne varietur note does not interrupt prescription on the ne varietur note itself. Defendants are correct.

The Louisiana Supreme Court has cited with approval the following description:

> The 'ne varietur' note itself can prescribe, and being a demand note, the prescriptive period on the 'ne varietur' note is five years. For that reason, until recently, it has been the customary practice to have the mortgagor sign a written acknowledgement on the 'ne varietur' note within five years after execution of the note (and thereafter to repeat the procedure within five year periods) to prevent prescription from running. If he failed to do so, the 'ne varietur' note prescribed, and while the hand note would nonetheless remain a valid obligation, it would no longer be secured by a mortgage and would simply reflect an unsecured debt . . . . [T]he Louisiana legislature enacted a special statute in 1970 to remedy the problem of prescription on notes such as the 'ne varietur' note as it is used in the collateral mortgage situation.[21]

Louisiana Revised Statues § 9:5807 states that:

> A payment by a debtor of interest or principal of an obligation shall constitute an acknowledgement of all other obligations including promissory notes of such debtor or his codebtors in solido pledged by the debtor or his codebtors in solido to secure the obligation as

---

[20] *CadleRock Joint Ventures Co.*, 152 So. 3d at 1083.
[21] Kaplan v. Univ. Lake Corp., 381 So. 2d 385, 390 (La. 1979) (quoting M. Nathan & G. Marshall, *The Collateral Mortgage*, 33 LA. L. REV. 497 (1973)).

to which payment is made. In all cases the party claiming an interruption of prescription of such pledged obligation including a promissory note as a result of such acknowledgement shall have the burden of proving all of the elements necessary to establish the same.

Accordingly, the ne varietur notes at issue were prescribed at the time they were pledged to secure C&G's indebtedness unless prescription was interrupted by acknowledgement or payments of a debt secured by the pledge of the ne varietur notes. Plaintiff has offered evidence of neither. Plaintiff is therefore not entitled to summary judgment on its claims for foreclosure on the Mr. Alan and L/B Whitney.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is DENIED. Plaintiff's Motion for Summary Judgment is GRANTED IN PART. Plaintiff is entitled to judgment recognizing its preferred ship mortgage on the M/V Lil Al, Official Number 1250213, as valid. Plaintiff's request for a judgment recognizing a valid preferred ship mortgage on the M/V Mr. Alan, Official Number 1040047 and the M/V L/B Whitney, Official Number D644243, is DENIED. All other requests for relief by Plaintiff are DEFERRED.

New Orleans, Louisiana this 31st day of August, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**