# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STATE BANK AND TRUST CO.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-5053** |
| **LIL AL M/V ET AL.** | **SECTION: "H"(2)** |

## ORDER AND REASONS

Before the Court is Defendants' Motion to Stay Pending Appeal (Doc. 112). For the following reasons, the Motion is GRANTED.

## BACKGROUND

Plaintiff State Bank & Trust Company ("State Bank") is a financial institution that loaned money to Defendant C & G Liftboats, LLC ("C&G"). On July 16, 2014, C&G executed a promissory note in the sum of $8,055,000.00 payable to State Bank (the "Hand Note"). The Hand Note was secured by the pledge of a first preferred ship mortgage note dated May 7, 2014 in the sum of $8,500,000.00. The preferred ship mortgage note was secured by a first preferred mortgage on the vessel M/V Lil Al. The Hand Note was further secured by the pledge of preferred ship mortgage notes in the form of collateral

1

chattel mortgages by A.M.C. Liftboats, Inc. ("AMC") on the M/V Mr. Alan and the M/V L/B Whitney.  AMC also granted a commercial guaranty to State Bank to guarantee the Hand Note.  Finally, Polly and Adam Cheramie, the owners of C&G and AMC, granted personal guarantees on the Hand Note.

Plaintiff alleges that on December 15, 2015, C&G defaulted on the Hand Note, and Plaintiff made demand on Defendants C&G, AMC, and the Cheramies.  The failure of any Defendant to satisfy their obligation to State Bank resulted in the filing of the instant action.

Plaintiff moved for summary judgment recognizing its preferred ship mortgages on the M/V Lil Al, the M/V Mr. Alan, and the M/V L/B Whitney pursuant to the Ship Mortgage Act. This Court recognized Plaintiff's preferred ship mortgage on the M/V Lil Al, and Defendants have appealed that ruling. The Court also held that the ne varietur notes securing the mortgages on the M/V Mr. Alan and the M/V L/B Whitney were facially prescribed at the time they were pledged to secure C&G's indebtedness unless prescription was interrupted.

Now pending before this Court are five motions. First, the parties have filed cross-motions for summary judgment on the issue of prescription as to the M/V Mr. Alan and M/V Lil Al.  Therein, Defendants concede that Plaintiff has set forth sufficient evidence to show that prescription was interrupted as to the M/V Mr. Alan. Plaintiff has also moved for summary judgment on its in personam claims. In addition, Plaintiff move for an order authorizing the interlocutory sale of all three vessels and allowing it to credit bid at the sale of the vessels.

In the instant motion, Defendants move for a stay of this matter and decisions on the aforementioned motions pending their appeal of this Court's ruling as to the M/V Lil Al. Defendants oppose a stay.

## **LAW AND ANALYSIS**

Defendants ask this Court to stay this matter pending the interlocutory appeal of the finding that Plaintiff is entitled to a judgment recognizing its ship mortgage on the M/V Lil Al. In considering a stay pending appeal, a court should consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[1] This Court will consider these factors in turn.

As to the first factor, the Court notes that the issue on appeal before the Fifth Circuit is one of first impression. Defendants have appealed this Court's decision regarding whether a collateral chattel mortgage can constitute a preferred ship mortgage under the Ship Mortgage Act. When a serious legal question is involved, "the movant need only present a substantial case on the merits . . . and show that the balance of the equities weighs heavily in favor of granting the stay."[2] Although this Court feels confident that its holding was correct, there is certainly room for argument otherwise, and Defendants have submitted a substantial case thereto. In addition, the resolution of this issue

---

[1] Nken v. Holder, 556 U.S. 418, 426 (2009).
[2] Ruiz v. Estelle, 650 F.2d 555, 565 (5th Cir. 1981).

will have implications far beyond this matter. Accordingly, this factor weighs in favor of a stay.

In addition, the second factor also weighs heavily in favor of a stay. Defendants have shown that they may be irreparably harmed if this matter is not stayed pending appeal. As noted above, also pending before this Court is Plaintiff's Motion for Interlocutory Sale of the vessels at issue.[3] In that Motion, Plaintiff seeks an order authorizing the U.S. Marshal to conduct an interlocutory sale of all of the vessels at issue and authorizing Plaintiff to credit bid on the vessels in the amount that it alleges it is owed by Defendants. Defendants correctly argue that granting this motion may result in the dismissal of their appeal.

Although it is well settled that the court of appeals does not lose jurisdiction over an in rem action when the court loses control over the res, the Fifth Circuit has recognized an exception to this doctrine in the "useless judgment rule."[4] The Fifth Circuit has dismissed appeals where "the absence of the res would render the judgment useless."[5] A judgment is considered "useless" if "the thing could neither be delivered to the libellants, nor restored to the claimants."[6] The useless judgment rule does not apply where there is a substitute res.[7] When a vessel is sold on credit bid, no money changes hands

---

[3] Doc. 88.
[4] Newpark Shipbuilding & Repair, Inc. v. M/V Trinton Brute, 2 F.3d 572, 573 (5th Cir. 1993).
[5] *Id.*; *see* Cmty. Bank of Lafourche v. Lori Ann Vizier, Inc., 541 F. App'x 506, 513 (5th Cir. 2013).
[6] *Newpark Shipbuilding & Repair, Inc.*, 2 F.3d at 573.
[7] *Id.*

4

and there is therefore no substitute res.[8] Moreover, when a vessel is sold at marshal's sale, all liens against the ship are discharged and the purchaser receives title to the vessel free and clear of liens.[9] Accordingly, if Plaintiff is allowed to sell the vessels on credit bid, a judgment from the appellate court would have no effect and would be effectively unenforceable because there would be nothing in Plaintiff's possession that could be regarded as the res.[10] In the event of a reversal by the Fifth Circuit, Defendants could not recover the res or proceeds thereof without converting the judgment "from one in rem to a judgment in personam."[11] Accordingly, allowing Plaintiff to go forward with an interlocutory sale of the vessels on credit bid could render any judgment rendered by the Fifth Circuit useless, and Defendants would therefore undoubtedly be irreparably harm.

Considering the third factor—whether a stay will injure other parties—the Court must take into account the cost incurred by Plaintiff in storing and maintaining the vessels at issue. Plaintiff estimates that it costs an average of $19,515 per month to keep the vessels under arrest. Each day that this matter is stayed these costs will increase. However, a stay pending appeal will likely only forestall resolution of this matter for a few, additional months, given that the matter is set for oral argument before the appeals court in just a few weeks. Further, allowing Plaintiff to sell the vessels on credit bid will not alleviate it

---

[8] *Cmty. Bank of Lafourche*, 541 F. App'x at 513 ("[T]he marshal's sale of the Vessel [on credit bid], confirmed by the court, was free and clear of that lien and there is no substitute res from which [the lienholder] could recover.").
[9] *Id.*
[10] *Newpark Shipbuilding & Repair, Inc.*, 2 F.3d at 573.
[11] *Id.*

5

of the cost of storage until it finds a third-party buyer. Accordingly, this factor is neutral.

Finally, the Court finds that the public interest weighs in favor of a stay. The issue on appeal is significant and has the potential for far-reaching effects and implications. Failure to stay this matter may prevent the Fifth Circuit from issuing guidance on this unique and complex issue of law. The public interest is served by receiving the Fifth Circuit's guidance.

Given the clear weight of the factors discussed above, this matter is stayed pending appeal.

## **CONCLUSION**

For the foregoing reasons, the Motion is GRANTED, and this matter is STAYED and ADMINISTRATIVELY CLOSED to be reopened after a decision is issued by the Fifth Circuit on Defendants' interlocutory appeal.

New Orleans, Louisiana this 12th day of June, 2018.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**