# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STATE BANK AND TRUST CO.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-5053** |
| **LIL AL M/V ET AL.** | **SECTION: "H"(2)** |

## ORDER AND REASONS

Before the Court are Cross-Motions for Summary Judgment (Docs. 81, 94), Plaintiff's Partial Motion for Summary Judgment on *In Personam* Claims (Doc. 102), and Plaintiff's Motion for Interlocutory Sale of Seized Vessels (Doc. 88). For the following reasons, Plaintiff's Motions for Summary Judgment are GRANTED. Defendant's Motion is DENIED, and Plaintiff's Motion for Interlocutory Sale is GRANTED.

## BACKGROUND

Plaintiff State Bank & Trust Company ("State Bank") is a financial institution that loaned money to Defendant C & G Liftboats, LLC ("C&G"). On July 16, 2014, C&G executed a promissory note in the sum of $8,055,000.00 payable to State Bank (the "Hand Note"). The Hand Note was secured by the

pledge of a first preferred ship mortgage note dated May 7, 2014 in the sum of $8,500,000.00. The preferred ship mortgage note was secured by a first preferred mortgage on the vessel M/V Lil Al. The Hand Note was further secured by the pledge of collateral chattel mortgage packages by A.M.C. Liftboats, Inc. ("AMC") on the M/V Mr. Alan and the M/V L/B Whitney. AMC also granted a commercial guaranty to State Bank to guarantee the Hand Note. Finally, Polly and Adam Cheramie, the owners of C&G and AMC, granted personal guarantees on the Hand Note.

Plaintiff alleges that on December 15, 2015, C&G defaulted on the Hand Note, and Plaintiff made demand on Defendants C&G, AMC, and the Cheramies. The failure of any Defendant to satisfy their obligation to State Bank resulted in the filing of the instant action.

Plaintiff previously moved for summary judgment recognizing its preferred ship mortgages on the M/V Lil Al, the M/V Mr. Alan, and the M/V L/B Whitney pursuant to the Ship Mortgage Act. This Court recognized Plaintiff's preferred ship mortgage on the M/V Lil Al. The Court also held that the mortgages on the M/V Mr. Alan and the M/V L/B Whitney satisfied the requirements of the Ship Mortgage Act, but that the notes securing the mortgages on the M/V Mr. Alan and the M/V L/B Whitney were facially prescribed at the time they were pledged to secure the Hand Note, unless prescription was interrupted.

Now pending before this Court are four motions. First, the parties have filed cross-motions for summary judgment on the issue of prescription as to the M/V Mr. Alan and M/V L/B Whitney. Plaintiff has also moved for summary judgment on its *in personam* claims against Defendants C&G, AMC, Polly

Cheramie and Adam Cheramie. In addition, Plaintiff moves for an order authorizing the interlocutory sale of all three vessels and allowing it to credit bid at the sale of the vessels.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that

---

[1] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[3] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[4] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

### A. Cross-Motions for Summary Judgment on the M/V Mr. Alan and M/V L/B Whitney

In its prior Order and Reasons addressing State Bank's Motion for Summary Judgment, this Court declined to grant summary judgment on State Bank's mortgages on the M/V Mr. Alan and the M/V L/B Whitney, holding that the notes used in the collateral mortgage packages for those vessels had prescribed on their face by the time they were pledged to secure the indebtedness.[9] Defendants now move for summary judgment holding that, in light of this Court's ruling, those mortgages are void. State Bank has filed a cross-motion for summary judgment seeking a holding that the mortgages remain valid.

A collateral mortgage package consists of the following: "an act of mortgage, a collateral mortgage note (the 'ne varietur' note), and a pledge of the ne varietur note to secure an indebtedness, usually represented by a hand

---

[6] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[7] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).

[8] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[9] Doc. 76.

4

note."[10] In a collateral mortgage, the act of mortgage secures the fictitious ne varietur note, which is payable to bearer on demand.[11] The ne varietur note is then "pledged under a collateral pledge agreement to secure the borrower's true indebtedness under one or more hand notes."[12]

Plaintiff accepted pledges of collateral mortgage packages on the M/V Mr. Alan and M/V L/B Whitney as security for the July 16, 2014 Hand Note. The ne varietur note in the collateral mortgage package on the Mr. Alan was dated December 5, 2007, and the ne varietur notes in the collateral mortgage packages on the M/V L/B Whitney were dated September 30, 2004 and November 22, 2005 respectively. The ne varietur notes are subject to a liberative prescription of five years and were therefore prescribed before they were pledged to secure the Hand Note unless prescription was interrupted. Under Louisiana law, "where the debt, or the principal obligation, is represented by a note and the note becomes extinguished by prescription, the mortgage securing the note becomes without effect as there is no longer anything to secure, and no further reason for the mortgage to continue."[13]

State Bank argues however that the prescription of the ne varietur notes is irrelevant to the validity of the mortgages. It argues that Louisiana law does not apply to invalidate the mortgages because the mortgages meet all the requirements of the Ship Mortgage Act. This Court agrees. On second look at this issue, this Court holds that because the mortgages at issue satisfy the

---

[10] Max Nathan, Jr., *The Collateral Mortgage: Logic and Experience*, 49 LA. L. REV. 39 (1988).
[11] CadleRock Joint Ventures Co. v. J. Graves Scaffolding Co., 152 So. 3d 1079, 1083, (La. App. 2 Cir. 2014).
[12] *Id.*
[13] State ex rel. Landry v. Broussard, 177 So. 403, 404 (La. Ct. App. 1937)

requirements of the Ship Mortgage Act, as previously held, it need not look to state law to consider the validity of the underlying debt.[14] Indeed, to do so "would introduce an undesirable lack of uniformity in the interpretation of Congressional enactments and would impede the harmony and uniformity sought by the [Ship Mortgage] Act."[15] The ship mortgages at issue state the amounts that "may become secured by the mortgage," which is the sole requirement under the Ship Mortgage Act regarding the evidence of indebtedness. State law should be consulted only when there is a question as to the satisfaction of one of the elements of the Ship Mortgage Act.[16] No question exists here.

In *Tropicana Shipping, S.A. v. Empresa Nacional "Elcano" de la Marina Mercante*, the Fifth Circuit held that a ship mortgage may be foreclosed even if no note exists evidencing the indebtedness.[17] The court stated that, "it is well established that the validity of a mortgage is dependent only on the existence of a debt actually secured by the mortgage and not on the description of the debt contained in the instrument."[18] Here, as in *Tropicana*, Defendants do not deny the existence of the indebtedness. Indeed, Defendants' indebtedness to State Bank is evidenced by the Hand Note, not the prescribed ne varietur notes. Although ne varietur notes are enforceable obligations, they are fictions

---

[14] Doc. 76.
[15] S. Lafourche Bank & Tr. Co. v. M/V NOONIE G, No. CV 16-2880, 2017 WL 2634204, at *5 (E.D. La. June 19, 2017) (citing J. Ray McDermott & Co. v. Vessel Morning Star, 457 F.2d 815, 818 (5th Cir. 1972)).
[16] *Id.*
[17] Tropicana Shipping, S.A. v. Empresa Nacional "Elcano" de la Marina Mercante, 366 F.2d 729, 733 (5th Cir. 1966).
[18] *Id.*

and do not "represent the indebtedness of the borrower."[19] Accordingly, the debt at issue is evidenced by the Hand Note and the mortgages satisfy the requirements of the Ship Mortgage Act. This Court need not engraft the nuances of state law to negate such. Plaintiff is entitled to judgment recognizing its preferred ship mortgages on the M/V Mr. Alan and the M/V L/B Whitney as valid.

**B. Motion for Partial Summary Judgment on *In Personam* Claims**

Next, Plaintiff moves for summary judgment on its *in personam* claims against C&G, AMC, Polly Cheramie, and Adam Cheramie. Plaintiff argues that C&G, as signatory to the Hand Note, and AMC and the Cheramies, as guarantors of the Hand Note, are liable to it for the unpaid amounts on the Hand Note. Defendants' opposition argues only that this Court lacks subject matter jurisdiction over these claims. This Court previously rejected Defendants' arguments regarding a lack of subject matter jurisdiction when it held that the mortgages on the M/V Lil Al, M/V Mr. Alan, and M/V L/B Whitney were valid preferred ship mortgages under the Ship Mortgage Act.[20] For those same reasons, this Court rejects these arguments again here. Accordingly, Defendants have failed to create a material issue of fact preventing the entry of judgment in Plaintiff's favor recognizing the liability of C&G, AMC, and the Cheramies on the July 16, 2014 promissory note, plus interest, late charges, and attorneys' fees as provided therein.

---

[19] Max Nathan, Jr. Anthony, *The Collateral Mortgage: Logic and Experience,* 49 LA. L. REV. 39, 41 (1988).

[20] Doc. 76. The interlocutory appeal of this issue was dismissed on other grounds without reaching the question of whether the mortgages are valid under the Ship Mortgage Act.

**C. Interlocutory Sale of the Vessels**

Finally, Plaintiff moves for an order authorizing the marshal to sell the M/V Lil Al, M/V Mr. Alan, and M/V L/B Whitney at public auction and allowing it to credit bid up to the aggregate sum of $7,739,628.94 at the sales of the Vessels. Supplemental Admiralty Rule E(9) states that:

> (i) On application of a party, the marshal, or other person having custody of the property, the court may order all or part of the property sold—with the sales proceeds, or as much of them as will satisfy the judgment, paid into court to await further orders of the court—if:
> (A) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action;
> (B) the expense of keeping the property is excessive or disproportionate; or
> (C) there is an unreasonable delay in securing release of the property.

"In order to prevail, the lienors need only show one of the three criteria."[21] Plaintiff argues that the vessels are subject to sale for any of the three reasons. Defendants predominately argue that a sale on a credit bid would be premature and prejudicial in light of pending summary judgment motions. The Court's decisions above render these arguments moot.

This Court finds that an interlocutory sale is appropriate under Rule E(9) because the expense of keeping the vessels stored is excessive and there has been an unreasonable delay in securing release of the property. Plaintiff indicates that keeping all three vessels stored costs an average of $19,515 per month. The Court finds this amount to be excessive, especially considering the

---

[21] Essex Crane Rental Corp. v. DB Crossmar 14, No. 16-8146, 2016 WL 5869790, at *4 (E.D. La. Oct. 7, 2016).

length of time that the vessels have been arrested. Indeed, the vessels have been arrested for more than 30 months, and their owners have not attempted to post security. Courts have found just three or four months to be an unreasonable delay.[22] Plaintiff's request to sell the vessels on credit bid is granted.

## **CONCLUSION**

For the foregoing reasons, Plantiff's Motion for Summary Judgment is GRANTED, and Defendants' Motion for Summary Judgment is DENIED. Plaintiff is entitled to judgment recognizing its preferred ship mortgages on the M/V Mr. Alan and the M/V L/B Whitney as valid.

Plaintiff's Motion for Partial Summary Judgment on its *In Personam* Claims is GRANTED, and Plaintiff is entitled to a judgment recognizing the liability of C&G, AMC, and the Cheramies on the July 16, 2014 promissory note, in the amount of $7,739,628.94 plus interest, late charges, and attorneys' fees as provided therein.

Plaintiff's Motion for Interlocutory Sale of the Vessels is GRANTED.

IT IS FURTHER ORDERED that Plaintiff and Intervenor Industrial Diesel Services, LLC shall jointly file a memorandum within 10 days of this Order identifying any issues remaining in this matter.

---

[22] *See id.* at *5 (E.D. La. Oct. 7, 2016) (and cases cited therein).

New Orleans, Louisiana this 4th day of December, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**